# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE THEODORE BREACH, JR.,

    Debtor,

Bankruptcy Case Number
17-80921-CRJ-13

THEODORE BREACH, JR.,

    Plaintiff,

v.

Adversary Proceeding No.

CARRINGTON MORTGAGE SERVICES, LLC and
BANK OF AMERICA and
NATIONAL CREDITORS CONNECTION, INC.

    Defendants.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Theodore Breach, Jr. ("Breach"), makes the following allegations in his complaint against the defendants, Carrington Mortgage Services, LLC ("Carrington"), Bank of America ("BOA"), and National Creditors Connection, Inc. ("NCCI").

### Parties, Jurisdiction, and Nature of Action

1.     Mr. Breach is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on March 23, 2017. Carrington is a corporation organized and existing under the laws of the State of California. Bank of America is a corporation organized and existing under the laws of the State of North Carolina. National Creditors Connection, Inc. is a corporation organized and existing under the laws of the State of California. At all times material to this complaint, Carrington, BOA and NCCI regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Mr. Breach did business with one or more of the defendants within this district and division, and it is these business transactions that give rise to this litigation.

1

Case 18-80089-CRJ    Doc 1    Filed 09/12/18    Entered 09/12/18 17:56:32    Desc Main
Document    Page 1 of 5

2. Carrington is listed as a creditor in the schedules filed by Mr. Breach.

3. Despite having both notice and actual knowledge of the commencement of Mr. Breach's case, Carrington, BOA, and NCCI sent, or caused to be sent, a document styled "Notice of Intent to Foreclose" to Mr. Breach. The Debtor argues that this is violative of 11 U.S.C § 362, in that the Notice of Intent to Foreclosure was, pursuant to the plain language in the document, a self-proclaimed "attempt to collect" a pre-petition debt coupled with a clear and present threat of foreclosure.

4. Mr. Breach brings this action to recover actual damages sustained as a result of Carrington, BOA, and NCCI's willful violation of the automatic stay in this case and to recover punitive damages from Carrington, BOA, and NCCI for their uncaring violation of the stay. It should be noted at this juncture that **NO** Motion for Relief was filed by any of the named defendants.

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Mr. Breach's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Mr. Breach and Carrington, BOA, and NCCI. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Mr. Breach incorporates by reference the allegations in paragraphs one through three of this complaint.

7. Mr. Breach specifically alleges an agency relationship exists between Carrington, BOA, and NCCI.

8. The schedules filed by Mr. Breach upon the commencement of this bankruptcy case listed Carrington as a creditor.

9. As a result of Carrington being listed as a creditor in Mr. Breach's schedules, Carrington, BOA, and NCCI had both notice and actual knowledge of both the commencement of and all the proceedings in Ms. Breach's bankruptcy case. BOA filed a proof of claim in Mr. Breach's case with Carrington as the servicer on July 28, 2017 for pre-petition arrearage in the amount of $7,309.14 on a note and mortgage secured by property located at 3603 Reynolds

Circle, Huntsville, AL 35810. Carrington and BOA have received payments from the Chapter 13 Trustee since March, 2018.

    10.    Pursuant to 11 U.S.C. §362 of the Bankruptcy Code, the commencement of Mr. Breach's bankruptcy case gave rise to the automatic stay which, among other things, prohibited the named defendants from attempting to collect a debt from Mr. Breach.

    11.    Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, Carrington, BOA, and NCCI sent Mr. Breach a document styled Notice of Intent to Foreclose, wherein they assert that they are "attempting to collect a debt." The document addressed to the debtor is styled "**NOTICE OF INTENT TO FORECLOSE.**" Little is left to imagination as regards to the creditor's intent. Next, Carrington directs the debtor to their website to "**FIND OUT OTHER OPTIONS YOU MAY HAVE TO AVOID FORECLOSURE**." The creditor is blithely contacting the debtor without having sought stay relief from this court. Continuing, Carrington next informs the beleaguered debtor that "**Failure to cure the delinquency within 30 days of the date of this letter may result in acceleration of the sums secured by the Deed of Trust or Mortgage, and sale of property.**" Carrington is sending this **directly** to the debtor without having sought stay relief from this court. The debtor contends that it is a far cry from "informational" only. It is a coercive, direct, and blatant violation of 11 U.S.C. §362. There is just no excuse. Carrington, BOA, and/or NCCI made a "business decision" that it was more profitable to violate the law than to follow it. This communication is not informational only. Quite to the contrary, it overtly demands payment and has the effect of coercing payment by threatening foreclosure and sale of the property. See *Connor v. Countrywide Bank, N.A.* (*In re Connor*), 366 B.R. 133, 137-38 (Bankr.D.Haw 2007). It will be interesting to see how the defendants argue that a letter styled **NOTICE OF INTENT TO FORECLOSE** was informational only. Neither Carrington, BOA, nor NCCI sought stay relief before sending this alarming, coercive, and threatening correspondence to Mr. Breach, a hardworking and honest debtor.

    12.    Despite the imposition of the Automatic Stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, the named defendants sent, or caused to be sent, to Mr. Breach correspondence regarding the foreclosure of his home. In bold font on page one of Carrington's letter, five lines below

3

"NOTICE OF INTENT TO FORECLOSE," the creditor give three ways for the debtor to conveniently pay: **Overnight Mail**, **Western Union**, or **MoneyGram**. This is an attempt to collect. If it were informational only, why would the defendants request "CERTIFIED FUNDS" be sent by the aforementioned methods? Debtor's counsel argues this is a serious departure from the automatic stay and that this honorable court should consider the imposition of coercive sanctions to dissuade the defendants from engaging in such conduct.

13. Mr. Breach was so distraught and upset over this "overt" attempt to collect a debt that he immediately telephoned his counsel and brought the offending correspondence. He was physically ill over the prospect of losing his home. The defendants sent **10** notices requesting payment and threatening foreclosure – without seeking stay relief. They are dated 5/8/2018, 5/9/2018/, 5/15/2018, 6/9/2018, 6/9/2018, 6/22/2018, 6/22/2018, 7/11/2018, 8/7/2018, and 8/27/2018. (See Exhibit 1). The debtor, stunningly, received two notices on the **same day** on two separate occasions. The first nine of these missives are from Carrington and styled "**NOTICE OF INTENT TO FORECLOSE**." The last correspondence was a collection letter from NCCI. It states it was sent by NCCI on behalf of Carrington. This last letter contains a confused disclaimer and finishes with the language "**THIS NOTICE IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**." (See Attachment Exhibit 2). In sum, the named defendants have engaged in a targeted "blitz" to coerce the struggling debtor into submission – by all means possible – despite **not having** sought stay relief from this Court. The number and intensity of contacts is noteworthy.

14. The actions of Carrington and BOA violates 11 U.S.C § 362 as set forth in this complaint.

15. Mr. Breach **has sustained**, and continues to sustain, injury and damage as a result of Carrington, BOA, and NCCI's **willful violation** of the automatic stay.

16. Carrington and BOAs actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

17. Under 11 U.S.C. §362(k)(1), Mr. Breach is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Carrington and BOA for their prolific and willful violations of the automatic stay.

**WHEREFORE**, Mr. Breach asks this court to enter an order:

(A) Awarding Mr. Breach compensatory damages against Carrington, BOA, and NCCI including the reasonable attorney's fees and costs incurred by Mr. Breach in the preparation and prosecution of this adversary proceeding;

(B) Awarding Mr. Breach damages, including damages for emotional distress against Carrington, BOA, and NCCI. This award should also include reasonable attorney's fees and costs.

(C) Awarding Mr. Breach punitive damages against Carrington, BOA, and NCCI for their willful violation of the automatic stay, such damages being intended to instill in Carrington, BOA, and NCCI, and other creditors due respect for this court and its orders and to deter them from taking similar action against Mr. Breach and similarly situated debtors in the future;

(D) Enjoining, pursuant to Fed. R. Civ. P. 65 and 11 U.S.C. § 105 (A), the Defendant's from foreclosing on the debtor's property until after the conclusion of the instant adversary proceeding.

(E) Voiding the mortgage debt owed by Mr. Breach to Carrington, BOA, and NCCI in its entirety.

(F) Granting Mr. Breach any additional or different relief this court deems appropriate.

Dated: 09/12/2018

Respectfully submitted

/s/ John C. Larsen_____
John C. Larsen
Attorney for the debtor/plaintiff,

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com